UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CALVIN ALLEN and REBECCA ALLEN,

                              Plaintiffs,

                                                        1:21-CV-1195
       v.                                              (MAD/DJS)

M & SONS and SALLY MESSING,

                              Defendants.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

CALVIN ALLEN
Plaintiff, *Pro Se*
39 Canal St. #1
Ellenville, New York 12428

REBECCA ALLEN
Plaintiff, *Pro Se*
39 Canal St. #1
Ellenville, New York 12428

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court the *pro se* Complaint in this case for review under 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiffs have not paid the filing fee, but instead submitted Motions to Proceed *in forma pauperis* ("IFP"). Dkt. Nos. 4 & 5. By separate Order, this Court granted those Motions. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that Plaintiffs may properly maintain their Complaint before permitting them to proceed further.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973). As a result, a court's initial review of a complaint under section 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) *a short and plain statement of the grounds for the court's jurisdiction* . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a) (emphasis added).

The Complaint presently before the Court clearly fails to comply with Rule 8 as it does not provide a basis for the Court's jurisdiction. The portions of the form civil rights

complaint used by Plaintiffs relating to jurisdiction are blank. The factual allegations demonstrate that this case involves a real property dispute involving a request that Plaintiffs vacate the apartment they have allegedly rented for nineteen years. Compl. at p. 4. Plaintiffs allege that they were then subjected to harassment to induce them to move. *Id.* No state actor is named as a Defendant and there is no specific allegation of a federal constitutional or statutory violation that would present a basis for exercising federal question jurisdiction here. Nor does this Court appear to have diversity jurisdiction over this case since Plaintiffs and Defendant Sally Messing are alleged to be residents of New York. Compl. at p. 2. "It is well established that for a case to come within the diversity statute there must be complete diversity among all parties; that is, no plaintiff and no defendant may be citizens of the same state." *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 861 (2d Cir. 1995); *see also OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016).

Because it is not clear that this Court has jurisdiction over Plaintiffs' Complaint, it should be dismissed. However, in light of their *pro se* status, prior to outright dismissal, it is recommended that Plaintiffs be given an opportunity to amend the Complaint in order to comply with the basic pleading requirements set forth above.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiffs' Complaint be **DISMISSED, but that Plaintiffs be granted leave to replead**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: November 24, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).