**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

CALVIN ALLEN and REBECCA ALLEN,

                                **Plaintiffs,**

   vs.                                                    1:21-CV-1195
                                                                  (MAD/DJS)

M & SONS and SALLY MESSING, *Ellenville
Real Estate*,

                                **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**CALVIN ALLEN
REBECCA ALLEN**
39 Canal Street, #1
Ellenville, New York 12428
*Pro Se* Plaintiffs

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     Plaintiffs commenced this action using a form civil rights complaint, alleging that Defendants, who own the apartment in which Plaintiffs live, have subjected them to harassment to induce them to vacate the premises. *See* Dkt. No. 1. In a Report-Recommendation and Order, Magistrate Judge Stewart conducted an initial review of the complaint and recommended that it be dismissed without prejudice. *See* Dkt. No. 12. Specifically, Magistrate Judge Stewart found that the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure in that Plaintiff failed to plead a basis for the Court to exercise federal subject matter jurisdiction, since there is no specific allegation of a federal constitutional or statutory violation that would present a basis for exercising federal question jurisdiction. *See id.* at 4. Additionally, Magistrate Judge

Stewart found that the complaint does not allege facts to support a finding of diversity jurisdiction.  *See id.*  Neither party has object to the Report-Recommendation and Order.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) ... the court shall dismiss the case at any time if the court determines that-- ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party declines to file objections or files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiffs' complaint should be dismissed without prejudice because Plaintiffs have failed to set forth a basis for subject matter jurisdiction over this case.  No state actor is named as a defendant and Plaintiffs do not allege violations of federal statutory or constitutional rights. Moreover, as Magistrate Judge Stewart noted, the complaint does not set forth sufficient detail for the Court to find that diversity jurisdiction exists.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 12) is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiffs' complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiffs may file an amended complaint withing **THIRTY (30) DAYS** of the date of this Order; and the Court further

**ORDERS** that if Plaintiffs fail to file an amended complaint withing **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 6, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge